## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

JEFFREY SMITH,

     Plaintiff,

v.                                                        Case No. 3:24-cv-705-MMH-MCR

BRINKER FLORIDA, INC.,

     Defendant.

_____

## **O R D E R**

**THIS CAUSE** is before the Court on Defendant Brinker Florida, Inc.'s
Response and Notice of Compliance With Jurisdictional Order
(Doc. 7; Jurisdictional Response), filed on July 31, 2024. On July 15, 2024,
Defendant filed its Notice of Removal (Doc. 1; Notice) removing this case from
the Circuit Court of the Fourth Judicial Circuit in and for Duval County,
Florida. In the Notice, Defendant invoked the Court's diversity jurisdiction
pursuant to 28 U.S.C. § 1332 alleging that "Plaintiff and Defendant are citizens
of different states and the amount in controversy exceeds $75,000.00[.]" Notice
at 6. On July 22, 2024, the Court entered an Order (Doc. 6; Jurisdictional Order)
inquiring into its subject matter jurisdiction over this action. In the
Jurisdictional Order, the Court found that Defendant had failed to present a
plausible allegation that the amount in controversy exceeded the jurisdictional

threshold under 28 U.S.C. § 1332. <u>See</u> Jurisdictional Order at 5.[1] Accordingly, the Court ordered Defendant to provide "sufficient information so that it can determine whether it has diversity jurisdiction over this action." <u>Id.</u> at 7. In response to the Court's Jurisdictional Order, Defendant filed its Jurisdictional Response. Upon review of Defendant's Jurisdictional Response and exhibits, the Court remains unable to conclude that it has subject matter jurisdiction over this action. Therefore, this case is due to be remanded to the state court in which it was filed.

"In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." <u>Baltin v. Alaron Trading, Corp.</u>, 128 F.3d 1466, 1469 (11th Cir. 1997). In cases where, as here, the Court's diversity jurisdiction is invoked, <u>see</u> Notice at 6, the value of a plaintiff's claim must exceed the amount-in-controversy threshold of $75,000. <u>See</u> <u>Federated Mut. Ins. Co. v. McKinnon Motors, LLC</u>, 329 F.3d 805, 807 (11th Cir. 2003). A plaintiff satisfies this requirement if he claims "a sufficient sum in good faith." <u>Id.</u> at 807 (citing <u>St. Paul Mercury Indem. Co. v. Red Cab Co.</u>, 303 U.S. 283, 288

---

[1] In the Jurisdictional Order, the Court also questioned whether Defendant had properly alleged Plaintiff's citizenship. <u>See</u> Jurisdictional Order at 2–3. Defendant has since corrected this deficiency in its Jurisdictional Response.

(1938)). And generally, a court can dismiss for failure to satisfy the amount in controversy requirement "only if it is convinced 'to a legal certainty' that the claims of the plaintiff in question will not exceed $75,000 (the current jurisdictional threshold)." See <u>McIntosh v. Royal Caribbean Cruises, Ltd.</u>, 5 F.4th 1309, 1312 (11th Cir. 2021).

Significant to this case, however, "the <u>Red Cab Co.</u> 'legal certainty' test gives way" where diversity jurisdiction is invoked based on a claim for indeterminate, unspecified damages. See <u>McKinnon Motors</u>, 329 F.3d at 807; <u>see also</u> <u>McIntosh</u>, 5 F.4th at 1312; <u>Fastcase, Inc. v. Lawriter, LLC</u>, 907 F.3d 1335, 1342 (11th Cir. 2018); <u>Doane v. Tele Circuit Network Corp.</u>, 852 F. App'x 404, 406 (11th Cir. 2021); <u>Bradley v. Kelly Servs., Inc.</u>, 224 F. App'x 893, 895 (11th Cir. 2007).[2] Damages are indeterminate where a plaintiff makes "no effort to quantify" the damages he seeks. See <u>Doane</u>, 852 F. App'x 407; <u>see also</u> <u>McKinnon Motors</u>, 329 F.3d at 808 (explaining that the damages sought were indeterminate because plaintiff "did not and has not placed any dollar amount on the various damages it is seeking under its bad faith claim"). Notably, establishing that the amount in controversy exceeds the jurisdictional threshold requires more than a general allegation that damages exceed $75,000. See

---

[2] The Court does not rely on unpublished opinions as binding precedent, however, they may be cited in this Order when the Court finds them persuasive on a particular point. See <u>McNamara v. Gov't Emps. Ins. Co.</u>, 30 F.4th 1055, 1060–61 (11th Cir. 2022); <u>see</u> <u>generally</u> Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

Fastcase, 907 F.3d at 1339, 1343; Doane, 852 F. App'x at 407; Bradley, 224 F. App'x at 895. Instead, where damages are indeterminate, "the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." See McKinnon Motors, 329 F.3d at 807. "The additional requirement is 'warranted because there is simply no estimate of damages to which a court may defer.'" See Fastcase, 907 F.3d at 1342 (citation omitted). And, "'[a] conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden.'" See Leonard v. Enter. Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002) (quoting Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319–20 (11th Cir. 2001)); see also Dibble v. Avrich, No. 14-CIV-61264, 2014 WL 5305468, at *4–6 (S.D. Fla. Oct. 15, 2014).[3]

Of course, in some cases, "it may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when 'the complaint does not claim a specific amount of damages.'" See Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061–62 (11th Cir. 2010) (quoting Pretka

---

[3] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010)); see also McIntosh, 5 F.4th at 1312–13 (finding that although damages were unspecified, plaintiffs had sufficiently alleged injuries and expenses which, accepted as true, were "sufficient to plead damages that exceed the $75,000 amount-in-controversy requirement"). Additionally, district courts are permitted "to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether" the amount in controversy is satisfied on the face of the complaint. Roe, 613 F.3d at 1061–62. Indeed, a court "need not 'suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount.'" Id. (quoting Pretka, 608 F.3d at 770). Nevertheless, the Court may not speculate or guess as to the amount in controversy. See Pretka, 608 F.3d at 752.

Here, Defendant, as the party invoking the Court's jurisdiction, "bears the burden of proving that federal jurisdiction exists." See Williams, 269 F.3d at 1319. In Dart Cherokee Basin Operating Co., the Supreme Court explained that a defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." See Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 89 (2014). If the plaintiff contests the allegation, or the court questions it, a defendant must then present evidence establishing that the amount in controversy requirement is met. Id.

(citing 28 U.S.C. § 1446(c)(2)(B)); see also Dudley v. Eli Lilly & Co., 778 F.3d 909, 912 (11th Cir. 2014). In the Jurisdictional Order, the Court questioned the sufficiency of Defendant's allegations regarding the amount in controversy and provided Defendant with an opportunity to present additional information to make a showing that the value of Plaintiff's claim exceeds $75,000. Defendant has failed to do so.

In the Jurisdictional Response, Defendant argues that it has met its burden of establishing that the amount in controversy exceeds $75,000 because (1) Plaintiff has already incurred $25,114.78 in medical bills and is likely to incur additional medical expenses in the future; (2) Plaintiff presented Defendant with a settlement demand in the amount of $1,000,000; (3) the civil cover sheet filed in state court lists Plaintiff's damages as being over $100,000; and (4) Plaintiff's lost wages are approximately $46,800. See Jurisdictional Response at 5–10. For the reasons discussed below, the information Defendant provides is insufficient to satisfy the Court's inquiry into its subject matter jurisdiction.

First, Defendant argues that because Plaintiff has already incurred $25,114.78 in medical expenses, and "has been referred for imaging, neurological assessment, and pain management treatment," it is likely that Plaintiff's past and future medical expenses will exceed $75,000. Id. at 5–8. Whether Plaintiff will actually incur these medical expenses in the future is

entirely speculative. Moreover, although Defendant has provided the Court with documentation that Plaintiff has been referred for future medical treatment, Defendant has provided no information which would allow the Court to estimate the cost of such treatment. Thus, "the unsubstantiated cost of these hypothetical future medical expenses is too speculative to include in the amount-in-controversy calculation." Parham v. Osmond, No. 8:19-cv-592-T-60SPF, 2019 WL 3822193, at *3 (M.D. Fla. Aug. 15, 2019).

Second, Defendant argues that Plaintiff's settlement demand of $1,000,000 is evidence that the amount in controversy exceeds $75,000. See Jurisdictional Response at 6. As the Court noted in its Jurisdictional Order, "an initial demand for settlement generally does not serve as a sufficient basis for ascertaining the amount in controversy." Erler v. Geico Gen. Ins. Co., No. 6:17-cv-1090-Orl-40GJK, 2017 WL 10058597, at *1 (M.D. Fla. Sept. 21, 2017). Instead, "[o]nly where a demand provides specific information and a reasonable assessment of the damages claimed is it possible for the defendant to ascertain the amount in controversy and rely on the demand to support removal." Id. Here, Defendant acknowledges that "Plaintiff's proposal for settlement did not come with medical records to support his claimed damages," but contends that the medical records obtained during discovery corroborate Plaintiff's proposal. Jurisdictional Response at 5. However, as noted above, Plaintiff's future medical expenses are too speculative to be considered in the amount in

controversy calculation. Thus, the Court cannot find that Plaintiff's settlement demand is supported by "specific information and a reasonable assessment of the damages claimed[.]" <u>Erler</u>, 2017 WL 10058597 at *1.

Third, Defendant argues that because Plaintiff's civil cover sheet alleges damages in excess of $100,000 this is evidence that the amount in controversy has been met. <u>See</u> Jurisdictional Response at 9–10. As the Court noted in its Jurisdictional Order, "a civil cover sheet is used for 'data collection and clerical processing purposes only' and 'shall not be used for any other purpose.'" Jurisdictional Order at 5 (quoting <u>Cain v. Lowes Home Centers, LLC</u>, No. 3:23-cv-790-TJC-PDB, 2023 WL 5153482, at *1 (M.D. Fla. Aug. 10, 2023)). Therefore, "[a]bsent any additional facts, reliance on the civil cover sheet alone is insufficient." <u>Id.</u> Defendant acknowledges this point, but contends that the civil cover sheet, combined with Plaintiff's demand letter and medical bills, is sufficient to show that the amount in controversy is satisfied. <u>See</u> Jurisdictional Response at 9–10. However, as the Court has already found that Plaintiff's demand letter and medical bills are inadequate to show that the amount in controversy exceeds $75,000, these documents in conjunction with Plaintiff's civil cover sheet are likewise insufficient.

Finally, Defendant argues that because "Plaintiff is also making a lost wage claim" the Court can consider the fact that Plaintiff made "roughly $46,800/year" at his previous job in calculating the amount in controversy. <u>Id.</u>

at 8. Notably, the previous employment that Defendant is referencing is Plaintiff's job at Capital Building Materials from 2015–2019. See Plaintiff's Unverified Answers to Interrogatories at 1 (Doc. 7-1). But, as Plaintiff's accident is alleged to have occurred on November 29, 2022, the Court cannot find that Plaintiff's previous employment is an accurate representation of what his damages currently are. Moreover, Defendant points to no allegation or evidence suggesting that Plaintiff has been unable to work for a year or that he is actually claiming such lost wages. Thus, the Court will not consider Plaintiff's previous employment in its amount in controversy calculation.

For the reasons explained above, the Court finds that Defendant has failed to satisfy its burden of showing that the amount in controversy exceeds $75,000. As such, this case is due to be remanded.[4]

Accordingly, it is

**ORDERED:**

1. The case is **REMANDED** to the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida, for further proceedings.

2. The Clerk of the Court is **DIRECTED** to transmit a certified copy of this Order to the clerk of that court.

---

[4] In state court, Defendant can engage in discovery pursuant to the relevant Florida Rules of Civil Procedure. If through such discovery Defendant ascertains that the case is one which is or has become removable, Defendant may consider filing another notice of removal, if timely, pursuant to 28 U.S.C. § 1446.

3.  The Clerk of the Court is further **DIRECTED** to close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 15th day of August, 2024.

MARCIA MORALES HOWARD
United States District Judge

Lc32

Copies to:
Counsel of Record
Clerk, Circuit Court, Fourth Judicial Circuit
in and for Duval County, Florida